**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BONITA HEADLAM-CLARKSON | : | |
| Individually on behalf of herself and all | : | |
| others similarly situated, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 20-cv-04068 |
| | : | |
| CIGNA CORPORATION, LIFE | : | |
| INSURANCE COMPANY OF | : | |
| NORTH AMERICA, CIGNA LIFE | : | |
| INSURANCE COMPANY OF NEW | : | |
| YORK, AND CONNECTICUT LIFE | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendants. | | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS**
**CIGNA CORPORATION, CIGNA LIFE INSURANCE COMPANY OF NEW YORK,**
**AND CONNECTICUT LIFE INSURANCE COMPANY[1]'S**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

---

[1]  The caption identifies "Connecticut Life Insurance Company" as a defendant.  There is no such legal entity.  Paragraph 13 of the Complaint refers to Connecticut General Life Insurance Company as the defendant.  For purposes of this motion, it is presumed that the intended defendant is Connecticut General Life Insurance Company.

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................................... 1

III.  LEGAL ARGUMENT .............................................................................................. 2

   A.  STANDARD OF REVIEW ................................................................................... 3

   B.  THE COURT SHOULD DISMISS THE NON-LINA DEFENDANTS AS IMPROPER PARTIES BECAUSE PLAINTIFF HAS NO CLAIM AGAINST THEM ................................................................. 4

   C.  THE COURT SHOULD DISMISS THE NON-LINA DEFENDANTS FOR LACK OF PERSONAL JURISDICTION ................................................................................................. 5

       1.   *The Court Lacks General Jurisdiction Over Non-LINA Defendants.* ............................. 6

       2.   *The Court Lacks Specific Jurisdiction Over Non-LINA Defendants.* ............................. 8

IV.  CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411 (E.D. Pa. 2005)......................7, 8, 9

*Alexander v. CIGNA Corp.*, 991 F. Supp. 427 (D.N.J.), *aff'd*, 172 F.3d 859
    (3d Cir. 1998) ................................................................................................................9

*Arch v. Amer. Tobacco Co., Inc.*, 984 F. Supp. 830 (E.D. Pa. 1997) .............................................7

*Ascension Health v. Am. Int'l Grp., Inc.*, No. 08 CIV. 7765 (PGG), 2009 WL 2195916 (S.D.N.Y.
    July 23, 2009)................................................................................................................4

*Bukuvalas v. Cigna Corp.*, No. CIV. 10-0710 DMC JAD, 2010 WL 5055811 (D.N.J. Dec. 3,
    2010) ...........................................................................................................................7

*Buying For The Home, LLC v. Humble Abode, LLC*, 459 F. Supp. 2d 310 (D.N.J. 2006) .............2

*Chavez v. Dole Food Company, Inc.*, 836 F.3d 205 (3d Cir. 2016) ................................................6

*Cohen v. Horizon Blue Cross Blue Shield of New Jersey*, No. 2:13-CV-03057 JLL, 2013 WL
    5780815 (D.N.J. Oct. 25, 2013)...................................................................................4

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ............................................................................6

*Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287 (3d Cir. 1996), *cert. denied*, 519 U.S. 1028 (1996) 5

*Estate of Smith v. Marasco*, 430 F.3d 140 (3d Cir. 2005) ..............................................................4

*Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421 (E.D. Pa. 2015).....................................6

*Ferree v. Life Ins. Co. of N. Am.*, No. 1:05CV2266 WSD, 2006 WL 2025012 (N.D. Ga. July 17,
    2006) ...........................................................................................................................4

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).............................................................3

*Gallagher v. Mazda Motor of Amer., Inc.*, 781 F. Supp. 1079 (E.D. Pa. 1992) .............................7

*Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ........................................8

*Grainer v. Smallboard, Inc.*, No. 16-4866, 2017 WL 736718 (E.D. Pa. Feb. 24, 2017)................5

*Gross v. GGNSC Southaven, LLC*, No. 3:14CV00037-M-A, 2014 WL 4418051 (N.D. Miss.
    Sept. 8, 2014)............................................................................................................10

*Hoffman v. Tyco Int'l, Ltd.*, No. 06-2961, 2006 WL 3759709 (E.D. Pa. Dec. 18, 2006)...............7

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) .........................................2

*In re Mushroom Direct Purchaser Antitrust Litig.,* 514 F. Supp. 2d 683 (E.D. Pa. 2007).............4

*In re White Elec. Designs Corp. Sec. Litig.*, 416 F. Supp. 2d 754 (D. Ariz. 2006) .......................7

*Lee v. Am. Airlines, Inc.*, No. 10-CV-0377-CVE-FHM, 2010 WL 4721547 (N.D. Okla. Nov. 15, 2010) .......................................................................................................................................4

*Lockner v. Swift Tech. Servs., LLC*, 326 F. Supp. 3d 912 (D. Alaska 2018) ...................................4

*Marten v. Godwin*, 499 F.3d 290 (3d Cir. 2007) ..............................................................................6

*McFall v. CIGNA Health Corp.*, No. CV 10-9913 AG, 2011 WL 13217940 (C.D. Cal. Apr. 26, 2011) .......................................................................................................................................4

*Northeastern Power Co. v. Balcke-Durr, Inc.*, 49 F. Supp. 2d 783 (E.D. Pa. 1999).......................7

*Ralls v. Facebook*, 221 F. Supp. 3d 1237 (W.D. Wash. 2016)........................................................7

*Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010).............................................................3

*Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984) ..................................6

*Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842 (S.D. Ohio 2007), *aff'd*, 552 F.3d 430 (6th Cir. 2008)..............................................................10

*Turner v. Prince George's Cty. Pub. Sch.*, 694 F. App'x 64 (3d Cir. 2017) ...................................5

*United States v. Kindred Healthcare, Inc.*, No. CV 16-683, 2020 WL 3529438, -- F. Supp. 3d -- (E.D. Pa. June 29, 2020) ...........................................................................................................5

*Verizon Employee Benefits Committee v. Adams*, No. Civ. A. 3:05–CV–1793–M, 2006 WL 66711 (N.D. Tex. Jan. 11, 2006)...........................................................................................9

**FEDERAL STATUTES**

U.S. Const. amend. XIV ....................................................................................................................6

Fed. R. Civ. P. 4(e) ...........................................................................................................................5

Fed. R. Civ. P. 12(b)(2).................................................................................................................2, 5

Fed. R. Civ. P. 12(b)(6).................................................................................................................2, 3

Fed. R. Civ. P. 201 ..........................................................................................................................10

Fed. R. Evid. 201(b)(2) ............................................................................................................7

**STATE STATUTES**

42 Pa. Cons. Stat. Ann. § 5322 ...............................................................................................6

## I.      INTRODUCTION

Plaintiff Bonita Headlam-Clarkson ("Plaintiff") improperly brings this action against Defendants Cigna Corporation ("Cigna Corp."), Cigna Life Insurance Company of New York ("CLICNY"), and Connecticut General Life Insurance Company ("CGLIC") (collectively, the "Non-LINA Defendants"), grouping them together with Life Insurance Company of North America ("LINA") as "underwriter defendants".  This case concerns whether LINA properly denied Plaintiff's claim for $10,000 in voluntary dependent life insurance benefits pursuant to an ERISA-governed policy issued by LINA (the "Policy").  The Non-LINA Defendants have no role with regard to underwriting, administering or paying claims made under the Policy.  Thus, Plaintiff has no viable claim against the Non-LINA Defendants.  Moreover, Plaintiff cannot establish that this Court has personal jurisdiction over the Non-LINA Defendants.  The Court should thus grant the instant motion and dismiss the Non-LINA Defendants with prejudice from this case.

## II.     FACTUAL BACKGROUND

According to the Complaint, Plaintiff's daughter was diagnosed with an illness known as Krabbe disease in July 2017. Compl. ¶ 27. "Krabbe disease causes developmental regression, dysphagia, muscle spasticity, and feeding difficulties" and it is "often fatal." *Id.* Sadly, Plaintiff's daughter succumbed to the disease in February 2019. *Id.* ¶ 32. Shortly before her then 2-year old daughter's passing, Plaintiff purchased voluntary group life insurance coverage through her employer under a Policy issued by LINA. *Id.* ¶ 26. At issue in this case is a term in the Policy which states that if an eligible spouse or dependent is "confined to his or her home under the care

of a Physician on the date insurance would otherwise be effective, it will be effective on the date

he or she is no longer . . . confined at home." Ex. 1, p. 14[2]; *see also* Compl. ¶ 15.

Neither Cigna Corp.[3], nor CGLIC, nor CLICNY is identified anywhere in the Policy.

*See* Ex. 1.  LINA is explicitly defined as the "Insurance Company" underwriting the Policy.  Ex.

1, p. 31. Moreover, the Policy expressly states that LINA is the "named fiduciary for deciding

claims for benefits under the Plan, and for deciding any appeals of denied claims." *Id.*  If LINA

approves the claim, LINA "will pay the appropriate benefit." *Id.*  In short, the Non-LINA

Defendants simply had no involvement with Plaintiff's claim for benefits under the Policy.

## III.    LEGAL ARGUMENT

The Court should dismiss the Non-LINA Defendants because Plaintiff has no claim

against them and, therefore, Plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6).

Because the Non-LINA Defendants have no relation to the Policy or Plaintiff, the Court also

should dismiss them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) because none

of the Non-LINA Defendants are "at home" in Pennsylvania, and none of them directed any

conduct at Plaintiff in Pennsylvania such that they would be subject to the Court's specific

jurisdiction.

---

[2] A district court ruling on a motion to dismiss may consider a "document integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted). Because Plaintiff's claim is based entirely on the language in the Policy, it is proper for the Court to consider that document, and LINA attaches it to its Motion as Exhibit 1.
[3] Paragraph 1 of the Complaint defines defendant "Cigna" as "Cigna Group Insurance". Cigna Group Insurance is not a legal entity capable of being sued.  "Cigna Group Insurance" is a registered service mark of Cigna Intellectual Property, Inc., licensed for use by subsidiaries of Cigna Corporation, including LINA. *See* Ex. 3. The Court may take judicial notice of a trademark registration.  *See e.g.*, *Buying For The Home, LLC v. Humble Abode, LLC*, 459 F. Supp. 2d 310, 319 n.7 (D.N.J. 2006). For purposes of this motion, it is presumed that the intended referenced defendant is Cigna Corporation – an entity cited in the caption and paragraph 10 of the Complaint.

### A.     Standard of Review

When a plaintiff does not plead sufficient facts to support the claims she asserts in her complaint, a court should dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Applying *Iqbal* and *Twombly,* the Third Circuit has set forth a three-part analysis that the court must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss.  *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'"  *Id.*  (citations omitted).  While a district court must accept all of the complaint's well-pleaded facts as true, a complaint must do more than allege a plaintiff's entitlement to relief—it must "show" such an entitlement with facts.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  In other words, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56.

**B.      The Court Should Dismiss the Non-LINA Defendants as Improper Parties Because Plaintiff has no claim against them**

Plaintiff fails to state a claim against the Non-LINA Defendants because they neither administer nor underwrite the Policy that underpins the basis for all of her claims.  Generally, a plaintiff must "prove the required elements [of a claim] against *each individual defendant*." *See In re Mushroom Direct Purchaser Antitrust Litig.,* 514 F. Supp. 2d 683, 699 (E.D. Pa. 2007) (emphasis added); *see also, e.g.*, *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005) (noting that in a claim against multiple defendants, "plaintiff must show that each individual defendant" violated his rights). Thus, "group pleading" is improper and results in nothing more than "conclusory" allegations not entitled to deference on a motion to dismiss. *See, e.g.*, *Cohen v. Horizon Blue Cross Blue Shield of New Jersey*, No. 2:13-CV-03057 JLL, 2013 WL 5780815, at *8 (D.N.J. Oct. 25, 2013); *Ascension Health v. Am. Int'l Grp., Inc.*, No. 08 CIV. 7765 (PGG), 2009 WL 2195916, at *2 (S.D.N.Y. July 23, 2009) (dismissing corporate parent of insurer in coverage action when plaintiff "lump[ed]" parties together for purposes of complaint but there was no evidence that parent was party to insurance contract).

Here, Plaintiff improperly groups all defendants together under the definition "Underwriter Defendants" and alleges that all four of them—LINA, CGLIC, CLICNY, and Cigna Corp.[4]—"wrongly denied the claims submitted by <u>Plaintiff</u>". *See, e.g.*, Compl., ¶¶ 1,63-64

---

[4] Other courts have dismissed when Cigna when wrongly named as a defendant under similar circumstances. *See Ferree v. Life Ins. Co. of N. Am.*, No. 1:05CV2266 WSD, 2006 WL 2025012, at *11 (N.D. Ga. July 17, 2006) (dismissing "Cigna" when LINA was the insurer and administrator of the policy at issue); *McFall v. CIGNA Health Corp.*, No. CV 10-9913 AG (PJWX), 2011 WL 13217940, at *4 (C.D. Cal. Apr. 26, 2011) (dismissing Cigna Health Corp. when Plaintiff's complaint demonstrated confusion over which entity provided benefits); *Lee v. Am. Airlines, Inc.*, No. 10-CV-0377-CVE-FHM, 2010 WL 4721547, at *4 (N.D. Okla. Nov. 15, 2010) (dismissing Cigna Corporation because complaint and relevant documents showed LINA as the party responsible for paying benefits); *Lockner v. Swift Tech. Servs., LLC*, 326 F. Supp. 3d 912, 917 & n.47 (D. Alaska 2018) (dismissing Cigna Corporation when LINA was the proper defendant). This Court should follow suit and dismiss the non-LINA Defendants.

(emphasis added).  Plaintiff's allegations with regard to the Non-LINA Defendants are, at best, conclusory and, at worst, directly contrary to the Policy itself.  The Policy clearly identifies LINA as the underwriter, the entity that reviews claim under the Policy and the entity responsible for paying any claims under the Policy. *See* Ex. 1, cover page, pp. 33-34.  Indeed, the Policy does not mention the Non-LINA Defendants at all. *See id.* Thus, Plaintiff has no basis for her allegation that the Non-LINA Defendants are fiduciaries with respect to her claim under the Policy and no basis for the conclusory allegation that she has any valid claim against them.

### C.    The Court Should Dismiss the Non-LINA Defendants for Lack of Personal Jurisdiction

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *See Grainer v. Smallboard, Inc.*, No. 16-4866, 2017 WL 736718, at *1 (E.D. Pa. Feb. 24, 2017) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).  While a court must generally accept the allegations of the complaint as true, once a defendant has raised a jurisdictional defense, the plaintiff must prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction. *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996), *cert. denied*, 519 U.S. 1028 (1996); *Turner v. Prince George's Cty. Pub. Sch.*, 694 F. App'x 64, 66 (3d Cir. 2017).  "In evaluating a Motion to Dismiss, the Court may look beyond the pleadings to 'items subject to judicial notice.'" *United States v. Kindred Healthcare, Inc.*, No. CV 16-683, 2020 WL 3529438, -- F. Supp. 3d --, at *1 n.3 (E.D. Pa. June 29, 2020) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

The Court should dismiss this action in its entirety against the Non-LINA Defendants because the Court lacks personal jurisdiction over them.  Federal Rule of Civil Procedure 4(e)

allows a district court to assert personal jurisdiction over a non-resident only to the extent allowed by the law of the state in which it sits. *See Time Share Vacation Club v. Atl. Resorts, Ltd*., 735 F.2d 61, 63 (3d Cir. 1984). Pennsylvania's long-arm statute provides that jurisdiction over an out-of-state defendant may extend "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322; *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). "The Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Marten*, 499 F.3d at 296. "These basic due process principles are reflected in the two recognized types of personal jurisdiction"–general and specific. *Id.* at 296. As demonstrated below, the Non-LINA Defendants' contacts with Pennsylvania are insufficient to sustain general or specific jurisdiction in line with constitutional due process.

### 1. The Court Lacks General Jurisdiction Over Non-LINA Defendants.

The constitutional limits of general jurisdiction are well-established. For a plaintiff to establish general jurisdiction over a defendant in a given state, the defendant must either maintain its principal place of business there or have contacts so "continuous and systematic" so as to render the defendant "essentially at home" in the forum. *Chavez v. Dole Food Company, Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)). A "corporation is not 'at home' in 'every state in which it engages in a substantial, continuous, and systematic course of business.'" *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 432 (E.D. Pa. 2015) (quoting *Locke v. Ethicon Inc*., 58 F. Supp. 3d 757, 762 (S.D. Tex. 2014)). Instead, only in an "exceptional case" will a corporation be subject to personal jurisdiction in a state other than its principal place of business. *Daimler*, 134 S. Ct. at 761, n.19.

As an initial matter, Plaintiff alleges that Cigna Corp. is a Delaware company with its principal place of business in Pennsylvania. Compl. ¶ 10. But this allegation is not accurate. Cigna Corp.'s principal place of business is  its headquarters located at 900 Cottage Grove Road, Bloomfield, CT 06002, as stated in publicly available SEC filings and on Cigna's website[5], among other places. Although Cigna is the ultimate parent of LINA, a parent-subsidiary relationship is insufficient to establish personal jurisdiction over the parent.  *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 420 (E.D. Pa. 2005) (stating that "mere ownership of a subsidiary does not subject the parent corporation to personal jurisdiction in the state of the subsidiary"); *Northeastern Power Co. v. Balcke-Durr, Inc*., 49 F. Supp. 2d 783, 790 (E.D. Pa. 1999); *Gallagher v. Mazda Motor of Amer., Inc*., 781 F. Supp. 1079, 1085 (E.D. Pa. 1992); *see also Bukuvalas v. Cigna Corp.*, No. CIV. 10-0710 DMC JAD, 2010 WL 5055811, at *3 (D.N.J. Dec. 3, 2010) (dismissing Cigna Corporation for lack of personal jurisdiction and noting that, "when addressed with the exact same argument in favor of personal jurisdiction forwarded by Plaintiff [i.e. its status as parent of LINA], other district courts have found that they lacked personal jurisdiction over CIGNA where the insurer was LINA"). Moreover, courts will not find personal jurisdiction where a holding company itself conducts no operations and transacts no business in Pennsylvania. *Arch*

---

[5] *See* https://www.cigna.com/contact-us/. Cigna Corporation's 10-K, filed with the SEC on February 27, 2020 can be accessed here: https://www.sec.gov/ix?doc=/Archives/edgar/data/1739940/000173994020000006/ci-20191231.htm; *see also* excerpts at Ex. 2 (Cigna 10-K, cover page). The court can take judicial notice of Cigna Corp.'s principal place of business. *See, e.g.*, *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1243 (W.D. Wash. 2016) (taking judicial notice of defendant's principal place of business based on SEC filings); *In re White Elec. Designs Corp. Sec. Litig*., 416 F. Supp. 2d 754, 760 (D. Ariz. 2006) ("[J]udicial notice is appropriate for SEC filings ... as they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."); Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

*v. Amer. Tobacco Co., Inc.*, 984 F. Supp. 830, 835-36 (E.D. Pa. 1997); *see also Hoffman v. Tyco Int'l, Ltd.*, No. 06-2961, 2006 WL 3759709, at *3 (E.D. Pa. Dec. 18, 2006); *Action Mfg. Co*, 375 F. Supp. 2d at 425-26.

Plaintiff's Complaint accurately alleges that CGLIC is a Connecticut company with its principal place of business in Connecticut and that CLICNY is a New York company with its principal place of business in New York. Compl ¶¶ 12-13. Thus, on the face of the Complaint alone, neither of these defendants are subject to general jurisdiction. Plaintiff makes no allegations that an exceptional case exists—in other words, that the Non-LINA Defendants' contacts are so continuous and systematic to render them essentially at home in Pennsylvania. Indeed, other than improperly defining them as Underwriter Defendants, Plaintiff makes no allegations specifically or individually about the Non-LINA Defendants at all. As a result, the Non-LINA Defendants are not subject to general jurisdiction.

### 2. The Court Lacks Specific Jurisdiction Over Non-LINA Defendants.

Likewise, the Non-LINA Defendants are not subject to the Court's specific jurisdiction. In contrast to general jurisdiction, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). When considering specific jurisdiction, a court must first analyze "whether the defendant 'purposefully directed his activities' at the forum," *Cerciello v. Canale*, 563 F. App'x 924, 927 (3d Cir. 2014); second, whether the litigation "arise[s] out of or relate[s] to" those activities, *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); and third, if the first two requirements are met, whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice,'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (citation omitted). Where the plaintiff fails to meet his burden of sufficiently demonstrating the foregoing contacts with the

8

forum state, the complaint should be dismissed for lack of specific jurisdiction. *See Action Mfg.*, 375 F. Supp. 2d at, 426-27. Here again, a company's status as a parent does not give rise to specific jurisdiction. *See, e.g.*, *Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 443 (D.N.J.), *aff'd*, 172 F.3d 859 (3d Cir. 1998) (finding no personal jurisdiction over Cigna Corporation because "district court[s] may not exercise jurisdiction over a defendant corporation if the only connection with the state is through that defendant's subsidiaries").

Here, because the Non-LINA Defendants are not proper defendants as previously discussed, they cannot be subject to specific jurisdiction with respect to this particular controversy. *See, e.g.*, *Verizon Employee Benefits Committee v. Adams*, No. Civ. A. 3:05–CV–1793–M, 2006 WL 66711 at *4 (N.D. Tex. Jan. 11, 2006) (noting that in the ERISA context, failure to state a claim defeats claim for personal jurisdiction). Outside the improper group pleading, Plaintiff makes no allegations that the Non-LINA Defendants had any role in handling her claim at all or purposely directed their activities at Pennsylvania or at Plaintiff in Pennsylvania. The Policy does not identify the Non-LINA Defendants, and Plaintiff makes no non-conclusory allegation that she has any relationship with the Non-LINA Defendants at all.

Nor could Plaintiff plead the necessary facts to establish that any of the Non-LINA Defendants have the minimum contacts necessary for the assertion of personal jurisdiction over them in this case. Cigna Corp. is merely a holding company. *See* Ex. 2 (Cigna 10-K, *e.g.*, pp. 3, 29, 95). In the Complaint, the only individual allegation Plaintiff makes regarding underwriting the Policy is against LINA. Compl. ¶ 11. Because it is not an insurance company, Cigna does not offer insurance products or insurance services to the public. Rather, products and services are provided exclusively by its operating subsidiaries. *See* Ex. 2 (Cigna 10-K, *e.g.*, Products and Services offered by subsidiaries, pp. 4, 9, 14, 24). Cigna Corporation is a publicly traded

company with no parent company. ECF 6 (Cigna Corp. Corporate Disclosure Statement)[6]. Life Insurance Company of North America is a wholly-owned subsidiary of Connecticut General Corporation which is a wholly-owned subsidiary of Cigna Holdings, Inc. which is a wholly-owned subsidiary of Cigna Holding Company which is a wholly-owned subsidiary of Cigna Corporation. *See* ECF 9 (LINA Rule 7.1 Corporate Disclosure Statement).

The Complaint does not allege (nor could it) that Cigna Corp. has entered into any contract or agreement with Plaintiff or her employer.  Cigna Corp. is also the holding company (three steps removed) to the parent company of CLICNY and CGLIC.  ECF 7, 8. The Complaint does not allege (nor could it) that either CLICNY or CGLIC entered into any contract or agreement with Plaintiff or her employer. *See* Compl. ¶ 11 (noting that LINA was the underwriter of the Policy).

Given that Cigna Corp. is not licensed as an insurance company, does not offer insurance products or service and that CLICNY and CGLIC did not offer the products or administer the services at issue, Plaintiff cannot sustain her burden of establishing that this Court can exercise personal jurisdiction over the Non-LINA Defendants. As a result, the Court should dismiss them with prejudice.

---

[6] The Court can take judicial notice of the content of a corporate disclosure statement for purposes of considering personal jurisdiction. *See, e.g.*, *Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007), *aff'd*, 552 F.3d 430 (6th Cir. 2008) (finding that under Fed. R. Civ. P. 201, the corporate disclosure statement and company website stating the relationship between entities were "sources whose accuracy cannot reasonably be questioned" and taking judicial notice of those relationships); *see also Gross v. GGNSC Southaven, LLC*, No. 3:14CV00037-M-A, 2014 WL 4418051, at *3 (N.D. Miss. Sept. 8, 2014) (declining to exercise personal jurisdiction based on statements made in corporate disclosure statements).

## IV.    CONCLUSION

For the reasons stated herein, the Court should dismiss all claims against the Non-LINA

Defendants with prejudice.


Dated: October 16, 2020                          **SAUL EWING ARNSTEIN & LEHR LLP**

                                                 s/ Caitlin P. Strauss
                                                 Caitlin P. Strauss, Esquire
                                                 1500 Market Street – 38th Fl.
                                                 Philadelphia, PA 19102
                                                 Tel: (215) 972-7153
                                                 Fax: (215) 972-4167
                                                 caitlin.strauss@saul.com

                                                 James A. Morsch, Esq.*
                                                 161 North Clark, Suite 4200
                                                 Chicago, IL 60601
                                                 Tel: (312) 876-7866
                                                 Fax: (312) 876-0288
                                                 jim.morsch@saul.com
                                                 *admitted pro hac vice*

                                                 Erin Westbrook, Esq.*
                                                 33 South Sixth Street, Suite 4750
                                                 Minneapolis, MN 55402
                                                 Tel: (612) 225-2946
                                                 Fax: (612) 677-3844
                                                 erin.westbrook@saul.com
                                                 *pro hac vice* to be filed

                                                 *Attorney for Defendants*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Memorandum of Law in Support of Defendants Cigna Corporation, Cigna Life Insurance Company of New York, and Connecticut Life Insurance Company's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) was filed *via the court's electronic filing system* on the following counsel of record:

Simon B. Paris, Esquire
Patrick Howard, Esquire
SALTZ, MONGELUZZI & BENDESKY, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA  19103
sparis@smbb.com
phoward@smbb.com

Daniel E. Gustafson, Esquire
Raina Borelli, Esquire
GUSTAFSON GLUEK, PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN  55402
Dgustafson@gustafsongluek.com
Rborrelli@gustafsongluek.com

Joseph Mattia, Esquire
THE BOONSWANG LAW FIRM
1500 Sansom Street, Suite 200
Philadelphia, PA  19102-2800
Joseph@boonswanglaw.com

*Attorneys for Plaintiff*

Dated:  October 16, 2020                    /s/ Caitlin P. Strauss
                                            Caitlin P. Strauss, Esq.