IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONITA HEADLAM-CLARKSON, individually and on behalf of herself and all others similarly situated, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 2:20-cv-04068 |
| CIGNA CORPORATION, LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA LIFE INSURANCE COMPANY OF NEW YORK, and CONNECTICUT LIFE INSURANCE COMPANY, | : : : : : : : : | |
| Defendants. | : : : | |

**REPLY BRIEF
IN FURTHER SUPPORT OF DEFENDANT
LIFE INSURANCE COMPANY OF NORTH AMERICA'S RULE
12(b)(6) MOTION TO DISMISS COUNT II AND RULES 12(f) AND 23(d)(1)(D)
<u>MOTION TO STRIKE CERTAIN CLASS ALLEGATIONS</u>**

37671385.4

**TABLE OF CONTENTS**

**PAGE**

I.      INTRODUCTION. ...................................................................................................... 1

II.     ARGUMENT. ............................................................................................................. 1

       A.      Plaintiff Cannot Overcome Her Lack of Standing to Assert a Claim for Injunctive Relief Under ERISA (Count II). .............................................. 1

       B.      This Court Should Strike Plaintiff's Class Allegations. ......................................... 6

                1.      Plaintiff's Generalized Allegations Cannot Support the Improper Discovery She Seeks to Take. ............................................ 6

                2.      Plaintiff's Proposed Rule 23(b)(2) Class Fails. ......................................... 7

                3.      Plaintiff's Proposed Rule 23(b)(3) Class Fails. ..................................... 10

III.     CONCLUSION. .................................................................................................... 12

37671385.4

# TABLE OF AUTHORITIES

### FEDERAL CASES

*Chevalier v. Baird Sav. Ass'n*, 72 F.R.D. 140 (E.D. Pa. 1976) ......................................................7

*Cottillion v. United Ref. Co.*, No. 09-140E, 2013 WL 5936368 (W.D. Pa. Nov. 5, 2013), *aff'd*,
 781 F.3d 47 ..............................................................................................................................8

*Day v. Humana Ins. Co.*, 335 F.R.D. 181 (N.D. Ill. 2020)............................................................10

*Eichorn v. AT&T Corp.*, 484 F.3d 644 (3d Cir. 2007)....................................................................5

*Feret v. Corestates Fin. Corp.*, No. 97-6759, 1998 WL 426560 (E.D. Pa. July 27, 1998) .............4

*Gillis v. Hoechst Celanese Corp.*, 4 F.3d 1137 (3d Cir. 1993).........................................................3

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) ..........................................5

*Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72 (3d Cir. 2011) ............................6

*Moore v. Accenture, LLP*, No. 1:04-cv-3717, 2005 WL 1712847 (N.D. Ga. May 6, 2005)...........2

*Newcomer v. Henkels & McCoy, Inc.*, No. 1:16-cv-2119, 2017 WL 3268155 (M.D. Pa. Aug. 1,
 2017) ........................................................................................................................................5

*Ream v. Frey*, 107 F.3d 147 (3d Cir. 1997) ....................................................................................3

*Schmidheiny v. Weber*, 146 F. Supp. 2d 701 (E.D. Pa. 2001) ........................................................6

*Smith v. Prudential Health Care Plan, Inc.*, No. 97-891, 1997 WL 746045 (E.D. Pa. Nov. 26,
 1997) ........................................................................................................................................4

*Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 387 (S.D. Ohio 2008)...................................10

*Sutton v. Med. Serv. Ass'n of Pennsylvania*, No. 92-4787, 1993 WL 64565 (E.D. Pa. Mar. 5,
 1993) ......................................................................................................................................10

*W. Chester Univ. Found. v. Metlife Ins. Co.*, No. 15-3627, 2016 WL 2939508 (E.D. Pa. May 20,
 2016) ........................................................................................................................................7

### FEDERAL STATUTES

29 U.S.C. § 1104..............................................................................................................................3

29 U.S.C. § 1132(a)(1)(B) ...............................................................................................................5

29 U.S.C. § 1132(a)(3)...............................................................................................................2, 4, 5

37671385.4

iii

Rule 12(b)(6)..................................................................................................................1

Rule 23(a)(2)................................................................................................................10

Rule 23(a)(4)..................................................................................................................9

Rule 23(b)(2)......................................................................................................... 7, 8, 9

Rule 23(b)(2) and (b)(3)..................................................................................................1

Rule 23(b)(3)............................................................................................................10, 11

Rule 26(f) ........................................................................................................................6

Rules 12(f) and 23(d)(1) .................................................................................................1

Defendant Life Insurance Company of North America ("LINA") respectfully submits this Reply Brief in further support of its Rule 12(b)(6) Motion to Dismiss Count II and Rules 12(f) and 23(d)(1) Motion to Strike Certain Class Allegations (the "Motion").[1]

## I.     INTRODUCTION

Plaintiff has chosen the shotgun style of complaint: to assert as many claims as possible, against as many "Cigna-related defendants" as she can identify, and define a proposed class so expansive that, if she is found to lack standing to sue for an injunction or to sue the non-LINA Defendants, discovery will cast a broad and burdensome net large enough to turn up someone who can.  This Court should grant LINA's Motion under Federal Rule of Civil Procedure 12(b)(6) and narrow this case to the claims Plaintiff has standing to pursue, against LINA alone, the sole defendant which underwrote the Policy at issue.  This Court should also grant LINA's Motion under Federal Rules of Civil Procedure 12(f) and 23(d)(1) and strike the proposed Rule 23(b)(2) and (b)(3) classes and require Plaintiff to focus her class allegations on persons similarly situated to her who would in fact benefit from her interpretation of the "confined at home" language set forth in LINA's Policy.

## II.    ARGUMENT

### A.     Plaintiff Cannot Overcome Her Lack of Standing to Assert a Claim for Injunctive Relief Under ERISA (Count II).

Plaintiff's allegations reveal that she would not benefit from, and has nothing to gain through, issuance of an injunction barring LINA from interpreting the "confined at home" provision as it did in her case when future ERISA claims are made for spousal or dependent beneficiaries.  Indeed, she identifies no spouse or dependent covered by her Policy for whom a future claim even potentially could be made, and has not alleged sufficient facts that such a claim

---

[1]       The same definitions used throughout LINA's Motion (Dkt. No. 28) are used herein.

is reasonably likely to be filed on the life of such a beneficiary or that the "confined at home" language of the Policy would come into play with respect to such a future claim.  As discussed in LINA's Motion, Third Circuit law is clear that a plaintiff who would not benefit from an injunction barring future conduct by the defendant lacks standing to sue for such relief, both generally and under ERISA.  *See* LINA Motion at 4-5.  Thus, speculative or purely hypothetical events (*e.g.*, the mere possibility of Plaintiff marrying or having another child and electing to purchase insurance on his or her life) will not suffice.

Plaintiff's attempt to distinguish the case law on standing cited in LINA's Motion is unavailing.  Plaintiff is simply incorrect (*see* Response at 1) that LINA's status as a fiduciary alone allows anyone insured under a LINA-issued insurance policy to state a claim for equitable relief under 29 U.S.C. § 1132(a)(3).  *See* LINA Motion at 4-5; *see also Williams v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:09-cv-225, 2010 WL 4025857, at *3 (N.D. Fla. Oct. 12, 2010) (concluding that plaintiffs lacked standing to assert claim for injunctive relief in ERISA case against fiduciary where they failed to "demonstrate[] any action by [defendant] that could result in injury or economic loss to them"); *Moore v. Accenture, LLP*, No. 1:04-cv-3717, 2005 WL 1712847, at *4 (N.D. Ga. May 6, 2005) (dismissing claim for prospective injunctive relief in ERISA case where plaintiff alleged no "real and immediate" threat of future injury).

While Plaintiff claims that Congress enacted a special statutory standing rule when it enacted ERISA "creating legal rights" as against fiduciaries (Response at 3-4), Plaintiff's argument misconstrues ERISA vis-à-vis the claims at issue in this action.  29 U.S.C. § 1132(a)(3) allows injunctions to prevent certain violations of the act by an ERISA-governed plan, but where, as here, an individual beneficiary seeks to recover benefits, the ERISA insured

37671385.4

must show, as in any injunction case, a real possibility that irreparable harm might happen to her in the future.

Plaintiff's misunderstanding of the circumstances under which equitable relief is available under ERISA is made plain by examining the cases she cites.  A claim for equitable relief (including injunctive relief) under ERISA can only be made where cognizable fiduciary obligations have been breached.  *See, e.g.*, *Ream v. Frey*, 107 F.3d 147, 152 (3d Cir. 1997) ("[Section] 1132(a)(3) authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations").  The duties owed by an ERISA fiduciary are clearly delineated in 29 U.S.C. § 1104; none of these duties involve a right to have a policy term interpreted in a way that a claimant prefers.  All of the cases cited by Plaintiff involved ERISA plan administrators' failure to provide information to beneficiaries in violation of their fiduciary duty to do so.  For example, *Horvath v. Keystone Health Plan E., Inc.* dealt with allegations than an HMO breached its fiduciary duties under ERISA by failing to disclose details of cost-control incentives offered to participating physicians.  333 F.3d 450, 452 (3d Cir. 2003).  In concluding that the plaintiff had the requisite standing to seek injunctive relief on behalf of a proposed class despite her individual lack of actual injury-in-fact, the Third Circuit emphasized that the plaintiff had brought suit against the plan in her capacity as a current plan member, and, as such, had a right to know where she stood with respect to the plan.  *See id.* at 456 ("Here, the disclosure requirements and fiduciary duties contained in ERISA create in Horvath certain rights, including the rights to receive particular information and to have Keystone act in a fiduciary capacity.");  *see also Gillis v. Hoechst Celanese Corp.*, 4 F.3d 1137, 1148 (3d Cir. 1993) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 103 (1989) for the proposition that "Congress'

purpose in enacting the ERISA disclosure provisions [was to] ensur[e] that 'the individual participant knows exactly where he stands with respect to the plan") (alterations in original)).

*Horvath* and its progeny are readily distinguishable from the instant action, which involves an ERISA claims administrator's decision to interpret a term in a policy, and not a disclosure of information regarding a plan member's future benefits.

Distilled to its essence, Plaintiff's claim is not that LINA withheld information regarding how it interpreted the language "confined at home." Instead, it is that LINA applied an interpretation that Plaintiff found disagreeable. *Compare* Response at 12 (claiming that Plaintiff seeks "clarity on Defendants' use of the term") *with* Compl. at ¶ 18 (setting forth LINA's interpretation of term). Because the dispute is whether LINA application of the term was proper (and not whether LINA's interpretation of the term or other information regarding Plaintiff's benefits was withheld in violation of a fiduciary duty), Plaintiff cannot credibly claim that a cognizable breach of fiduciary duty claim has been asserted in this action. *See, e.g., Smith v. Prudential Health Care Plan, Inc.*, No. 97-891, 1997 WL 746045, at *2 (E.D. Pa. Nov. 26, 1997) ("Because, in essence, Plaintiff seeks to recover for the wrongful denial of benefits, I must agree with the decisions of these courts that Plaintiff must seek recovery under § 502(a)(1)(B). I thus conclude that Plaintiff has failed to state a claim against Prudential under ERISA § 502(a)(3)."); *Feret v. Corestates Fin. Corp.*, No. 97-6759, 1998 WL 426560, at *5 (E.D. Pa. July 27, 1998) (granting motion to dismiss claim brought pursuant to section 502(a)(3) where plaintiffs had and sought remedy available under section 502(a)(1)(B)).

Plaintiff has only alleged that LINA violated its fiduciary duties by interpreting the term "confined at home" in a way with which Plaintiff disagrees. *See* Compl. ¶ 58 ("Pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Plaintiff is entitled to [an] injunction to prevent the

4

Defendants from applying the undisclosed definition of the term 'confined' in its Policies. Defendants must be enjoined from denying benefits on this basis."). The equitable remedy sought– an injunction – would not comport with the facts pled in her Complaint. If Plaintiff is correct that LINA violated the terms of the Policy in denying Plaintiff's claim, Plaintiff could recover monetary damages, including any improperly held benefits, to make her whole. This would be a legal, not equitable, claim. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 217 (2002). Plaintiff should not be permitted to convert what is a claim for monetary damages (and related declaratory relief) into a claim for an injunction.[2] *See Eichorn v. AT&T Corp.*, 484 F.3d 644, 655 (3d Cir. 2007) (explaining that where plaintiffs sought a decree requiring that one of the defendant employers adjust its pension records retroactively to create an obligation to pay the plaintiffs more money, both in the past and in the future, the dispute was "in essence, a request for compensatory damages merely framed as an 'equitable' injunction").[3]

In sum, there are no facts alleged in the Complaint making it reasonably foreseeable that Plaintiff would make another claim in the future whereby the "confined at home" language governing spousal and dependent beneficiary claim would be an issue. Without such facts, Plaintiff faces no demonstrable threat of future irreparable harm that would be remedied by the

---

[2]  Plaintiff's Response makes clear that Plaintiff is attempting to cast her claim for denial of benefits as a breach of fiduciary duty claim. *See* Response at 1 ("LINA improperly denied Plaintiff . . . and members of the putative class benefits under group term life insurance policies based on an undisclosed definition of the phrase "confined to his or her home" as used in their policies, *in violation of their fiduciary duties to plan participants*.") (emphasis added); *see also* Response at 6. Case law is clear, however, that where it is clear that a § 1132(a)(3) claim will not provide relief to remedy a plaintiff's alleged harm, a court may properly dismiss a claim for the same. *See, e.g.*, *Newcomer v. Henkels & McCoy, Inc.*, No. 1:16-cv-2119, 2017 WL 3268155, at *5 (M.D. Pa. Aug. 1, 2017) (granting the defendant plan's motion to dismiss because the court could "find no way to construe Plaintiff's § 1132(a)(3) claim such that it might provide 'other appropriate equitable relief' for a violation that the ERISA statute does not elsewhere remedy") (internal citations omitted).

[3]  It bears note that dismissal of Count II would not, as Plaintiff contends, "immunize" LINA (*see* Response at 5) if its interpretation of Plaintiff's Policy is not supportable, but would instead leave LINA open to an adverse declaratory judgment (Count I) and damages under 29 U.S.C. § 1132(a)(1)(B) (Count III).

37671385.4

injunction she seeks against LINA; her claim merely seeks an advisory opinion regarding other plan participants' potential, future claims. *See Schmidheiny v. Weber*, 146 F. Supp. 2d 701, 703 (E.D. Pa. 2001) ("[F]ederal courts use standing to limit their jurisdiction in accordance with the statement in Article III that only cases or controversies are to be adjudicated and its corollary rule prohibiting advisory opinions.") (internal citation and quotations omitted)).  Accordingly, Count II of Plaintiff's Complaint should be dismissed for lack of standing.

### B.      This Court Should Strike Plaintiff's Class Allegations.

#### 1.      Plaintiff's Generalized Allegations Cannot Support the Improper Discovery She Seeks to Take.

Plaintiff argues, as do all putative class representatives, that LINA's motion to strike is premature and urges this Court to defer questions about the definitions of the proposed classes to a later date.  But, as confirmed by the parties' Rule 26(f) submission, Plaintiff hopes to take broad class discovery against LINA (and the other improperly named Defendants) based on her overbroad class allegations.  This Court should view this strategy for what it plainly is: an attempt to impose broad and burdensome discovery on Defendants that will multiply the expenses of this case, lead inevitably to discovery disputes, and result in discovery regarding the claims of persons who (1) are not similarly situated to Plaintiff; (2) have never elected spousal or dependent benefits; and (3) will never make a claim for such benefits or be adversely impacted by LINA's interpretation of the "confined at home" provision.

The Court should exercise its discretion now to appropriately streamline this case and limit it to only those persons whose claims fit within Plaintiff's theory of this case, namely, that LINA has improperly denied her claim and the dependent beneficiary claims of others similarly situated to her through an incorrect interpretation of the Policy's "confined at home" language. *See Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011)

37671385.4

(explaining that where "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met" a court may strike class allegations).

### 2.     Plaintiff's Proposed Rule 23(b)(2) Class Fails.

Plaintiff's proposed Rule 23(b)(2) class definition improperly includes reference to Defendants she has no standing to sue.  As explained in the Reply Brief in Support of Defendants Cigna Corporation, Cigna Life Insurance Company of New York, and Connecticut General Life Insurance Company's Motion to Dismiss (which is being filed herewith), the fact that Plaintiff purports to represent class members who may have standing to sue one or more of those non-LINA entities does not give her standing to do so.  Not only must Plaintiff have standing to assert each claim, she must have standing to sue each defendant.  *See Chevalier v. Baird Sav. Ass'n*, 72 F.R.D. 140, 154 (E.D. Pa. 1976) ("[T]o represent a class, a named plaintiff must be a member of that class.  A further complication is the requirement that for each defendant there be a named plaintiff with standing to assert the class's claims.") (internal citations omitted)).

While Plaintiff attempts to justify her class definition by recasting it as only involving insureds who have policies "for spousal or dependent beneficiaries" (Response at 8), that is not how her proposed class definition set forth in the Complaint is worded.  Rather, that class definition – which must control[4] – includes all persons who "have" a policy with an effective date of insurance provision covering such beneficiaries, which as pointed out in LINA's Motion, is everyone with a policy like Plaintiff's *regardless of whether they have actually elected spousal or beneficiary coverage. See* Compl. ¶ 43.  Plaintiff's Policy, which Plaintiff alleges is identical in form to other group life policies underwritten by LINA, includes an option to select coverage

---

[4]     "The allegations in the complaint, not the response in opposition must control because Plaintiff 'cannot amend [its] complaint through a legal brief submitted in opposition to the motion to dismiss.'" *W. Chester Univ. Found. v. Metlife Ins. Co.*, No. 15-3627, 2016 WL 2939508, at *2 (E.D. Pa. May 20, 2016) (quoting *Beauchamp v. Chichester Sch. Dist.*, No. 05-4141, 2005 WL 3110822, at *4 (E.D. Pa. Nov. 17, 2005)).

37671385.4

for spousal or dependent beneficiaries.  *See* Policy at 12 (Docket No. 30-3).  Thus, where, as here, a policyholder *opts* to purchase coverage for a spouse or defendant, they become beneficiaries.  That, however, does not mean the primary insured has in fact elected such coverage or, as Plaintiff claims (*see* Response at 9), that all persons within the proposed class definition would in fact be impacted by LINA's purportedly "uniform" interpretation of the Policy's "confined at home" provision.

Additionally, while Plaintiff argues that "[c]ourts routinely have certified classes pursuant to [Rule 23(b)(2)] where, as in the instant case, an ERISA plan administrator makes a uniform decision about administering the Plan as it applies" (*see* Response at 9), this case does not involve conduct by a plan administrator.  Plaintiff confuses key terms – LINA is not the plan administrator for the plan under which the Policy was issued; LINA is the claims administrator. *See* Policy at 33 (Docket No. 30-3) ("The Plan Administrator has appointed [LINA] as the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals of denied claims."). As such, Plaintiff's proposed class encompasses an unknown number of *other* plans.  While Plaintiff claims that her proposed Rule 23(b)(2) class is "clearly defined to include only those that have purchased a group term life insurance policy from Defendants . . ." (Response at 9), this ignores that employers, not employees, purchase group insurance policies like the Policy at issue here.  *See* Policy at Title Page (listing Policyholder and Subscriber). These facts distinguish this case from *Cottillion v. United Ref. Co.*, No. 09-140E, 2013 WL 5936368, at *5 (W.D. Pa. Nov. 5, 2013), *aff'd*, 781 F.3d 47 (3d Cir. 2015 – which involved one plan and one plan administrator – and destroy the foundation of Plaintiff's theory for why relief under Rule 23(b)(2) is available in this action.

The upshot is that despite Plaintiff's claims (*see* Response at 10), her proposed class, as defined in the Complaint, would not be "cohesive," and most persons in the putative class would not be in a similar position to Plaintiff because they would either simply never make a claim at all, or never make a claim where the "confined at home" language of the Policy is relevant to the claim's outcome.[5]   Moreover, the proposed 23(b)(2) definition would include persons who submitted claims that LINA determined to fall within its interpretation of "confined at home" and therefore compensable.   Because Plaintiff's definition includes *anyone* with a policy including the "confined at home" language, it is facially overbroad and, at a minimum, this Court should strike the definition and require Plaintiff to amend it to allege the narrower class definition Plaintiff apparently intends to pursue.

Finally, while Plaintiff argues that the proposed class definition is "clear" and "objective" (*see* Response at 11-12), the definition can hardly be characterized as clear, as evidenced by LINA's and Plaintiff's different readings of it: while LINA believes the definition includes anyone with a LINA-insured life policy, Plaintiff apparently intend it to cover only persons who have an entitlement to spousal or dependent benefits.   More importantly, the proposed definition is simply not tailored to the theory of this case because it includes persons who would not benefit from the declaratory judgment or injunctive relief sought.   Thus, Plaintiff's argument that persons within the class would not be "harmed" by a ruling in this case is nonsensical.   If the Court were to certify such a broad class and rule in favor of LINA's interpretation of the "confined at home" language, those persons would be precluded from proving their own claims based on an interpretation of the "confirmed at home" language that differs from Plaintiff's or

---

[5]      Plaintiff claims that whether she "is an adequate class representative for the absent class members . . . should be resolved on a motion for class certification, not on a motion to dismiss," but this misses the point. LINA has not argued adequacy under Rule 23(a)(4); rather, LINA asserts that the proposed class is facially overbroad, an issue ripe for disposition at this stage.

LINA's but which might favor coverage based on the individual circumstances of their respective cases.[6]

### 3.    Plaintiff's Proposed Rule 23(b)(3) Class Fails.

Plaintiff's opposition to LINA's motion to strike Plaintiff's Rule 23(b)(3) class fails as a matter of law.  While Plaintiff claims that her proposed class will not fail on predominance grounds because it presents "a common question of how [Defendants] interpreted or applied a portion of an insurance policy" (Response at 14), this argument is incorrect for four reasons.

*First*, there is no dispute regarding how LINA interpreted the Policy.  LINA informed Plaintiff regarding how it defined the term "confined at home," and Plaintiff has cited LINA's interpretation in her Complaint.  *See* Compl. at ¶ 18 (setting forth LINA's allegedly "undisclosed definition" of term).  Plaintiff clearly disagrees with LINA's interpretation, but there is no dispute as to *how* LINA interpreted the Policy.

*Second*, while the proper interpretation of the "confined at home" language may present a common issue for purposes of Rule 23(a)(2), it will not be the critical question that will predominate if a class is certified under Rule 23(b)(3), namely, whether the facts and circumstances of individual class members' claims fit within that language.  *See Day v. Humana Ins. Co.*, 335 F.R.D. 181, 199 (N.D. Ill. 2020) (illustrating that where administrator was vested with discretion, evidence needed to prove wrongful denial of benefits under ERISA would vary from proposed class member to proposed class member and overwhelm any common issues).

---

[6]    Plaintiff's reliance on *Sutton v. Med. Serv. Ass'n of Pennsylvania*, No. 92-4787, 1993 WL 64565 (E.D. Pa. Mar. 5, 1993), *on reconsideration*, No. 92-4787, 1993 WL 273429 (E.D. Pa. July 20, 1993), is misplaced. *Sutton* involved a claim against an ERISA plan administrator for breach of fiduciary duties; as explained above in Section I, Plaintiff has failed to plead a cognizable breach of fiduciary duty claim against LINA, which is not the plan administrator for the plan in which Plaintiff participates.  Plaintiff's reliance on *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 387 (S.D. Ohio 2008), is unavailing because *Stewart* did not involve ERISA.  *See* 252 F.R.D. at 388.

37671385.4

*Third*, LINA's interpretation of the "confined at home" language is irrelevant in at least two situations covered by the proposed class definition: (1) when LINA was not the claims administrator; and (2) when the policy at issue did not contain the "confined at home" language. While Plaintiff asserts that "there are no allegations . . . showing that the language in any individual class members' Policy is different in any meaningful way" (Response at 14), there are also no allegations that all Policies are governed by the same law or the same level of discretion afforded to interpret the terms of the Policies.  The proposed definition is therefore overboard.

*Fourth*, courts in the Third Circuit have consistently held that a single common issue, such as proposed here, will not meet the predominance and superiority requirements of Rule 23(b)(3) because ERISA claims are inherently individualized in nature.  *See* LINA's Motion at 12 (collecting cases).  In other words, to prove the entitlement of others in the putative class to damages, Plaintiff will need to establish not only that LINA's interpretation was erroneous, but also that the facts underlying the proposed class members' claims all fall within her proposed definition of "confined at home" and are not otherwise barred by other terms in the Policy.  Such an inherently individualized inquiry is not amenable to classwide treatment.

For these reasons, this Court should strike the proposed Rule 23(b)(3) class definition and require Plaintiff to narrow it to cover only persons with LINA-insured policies governed by the same discretion afforded to interpret the terms, the same law as her Policy and where LINA's interpretation of the "confined at home" provision was the sole basis for the denial of spousal or dependent life benefits.

37671385.4

## III.     CONCLUSION.

For all of the foregoing reasons, in addition to those set forth in LINA's Motion and accompanying Memorandum of Law, LINA respectfully requests that the Court grant its Motion, dismiss Count II of Plaintiff's Complaint, and strike Plaintiff's class allegations.

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

s/ Caitlin P. Strauss
Caitlin P. Strauss, Esq.
Albert F. Moran, Esq.
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Tel: (215) 972-7153
Fax: (215) 972-4167
caitlin.strauss@saul.com
albert.moran@saul.com

James A. Morsch, Esq.*
161 North Clark, Suite 4200
Chicago, IL 60601
Tel: (312) 876-7866
Fax: (321) 876-0288
jim.morsch@saul.com
*admitted pro hac vice*

Erin Westbrook, Esq.*
33 South Sixth Street, Suite 4750
Minneapolis, MN 55402
Tel: (612) 225-2946
Fax: (612) 677-3844
erin.westbrook@saul.com
*pro hac vice to be filed*

Dated:  November 5, 2020

*Attorneys for Defendants*
*Life Insurance Company of North America,*
*Cigna Corporation, Cigna Life Insurance Company*
*of New York, and Connecticut Life Insurance*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Reply Brief in Further Support of Defendant Life Insurance Company of North America's Rule 12(b)(6) Motion to Dismiss Count II and Rules 12(f) and 23(d)(1)(D) Motion to Strike Certain Class Allegations* was served on the following counsel via the Court's electronic filing system:

Simon B. Paris, Esq.
Patrick Howard, Esq.
SALTZ, MONGELUZZI & BENDESKY, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

Daniel E. Gustafson, Esq.
Raina Borrelli, Esq.
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Joseph Mattia, Esq.
THE BOONSWANG LAW FIRM
1500 Sansom Street, Suite 200
Philadelphia, PA 19102

*Attorneys for Plaintiff*

/s/ Caitlin P. Strauss
Caitlin P. Strauss, Esquire

Dated:  November 5, 2020

37671385.4